```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| LINDA EBELING | CIVIL ACTION |
| versus | NO. 06-6878 |
| SCOTTSDALE INSURANCE COMPANY ET AL | SECTION: E/4 |

### ORDER and REASONS

Plaintiff previously filed a motion to remand this case to the Civil District Court for the Parish of Orleans. R. d. #10. Defendant Burns & Wilcox of LA ("Burns") filed a motion to dismiss. R.d. #14. On December 28, 2006, this Court denied the motion to remand. R. d. #23. Upon reviewing the pending motion to dismiss, the Court concludes that its denial of plaintiff's motion to remand was in error, and revisits that motion.[1]

### BACKGROUND

Linda Ebeling owns several commercial and rental properties in New Orleans that were significantly damaged by Hurricane Katrina. The properties were insured by a Commercial Property and General Liability insurance policy issued by Scottsdale Insurance Company ("Scottsdale"), purchased through defendant Burns (a wholesale insurance broker authorized to perform quoting, binding and policy issuance services to designated producers in accordance with Scottsdale's underwriting rules,

---

[1] A federal court has "a continuing obligation to examine the basis for jurisdiction," MCG, Inc., v. Great E. Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990), and may *sua sponte* raise the jurisdictional issue at any time. Id.; Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir. 1999).

policies and procedures) and defendant Bostay Insurance Network, Inc. ("Bostay")(a retail producer that deals directly with Burns on behalf of its customers). The Petition identifies Ebeling as a "resident of Harris County, State of Texas"; defendant Scottsdale as a "foreign insurance corporation"; and, both defendants Burns and Bostay as Louisiana corporations.

Defendants Scottsdale and Burns opposed the motion to remand, arguing that the "non-diverse" defendants, are fraudulently joined to defeat diversity matter jurisdiction. The Court did not reach that argument, however, after finding that on the face of the Petition, complete diversity was present because Ebeling is a resident of Texas and is diverse from all defendants, and the requisite jurisdictional amount of $75,000.00 is met.[2] However, 28 U.S.C. §1441(b) provides that when federal jurisdiction is based on diversity, an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Court must therefore revisit the issue of improper joinder of Bostay raised in opposition to Ebeling's motion to remand.[3]

---

[2]There is no dispute that the claim exceeds $75,000.00.

[3]The Court will consider only the allegation of improper joinder of Bostay. Bostay did not file an opposition to Ebeling's motion to remand; there is no evidence in the record that Bostay has been served with process, and no attorney has made an appearance on behalf of Bostay. However, the lack of service of nondiverse named defendants does not, in and of itself, make an action removable. Pullman Co. V. Jenkins, 59 S.Ct. 347, 350 (1939). The

**ANALYSIS**

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction.  28 U.S.C. §1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at 723.

The standards for resolving a Rule 12(b)(6) motion and

---

removing party must show that the nonserved nondiverse parties are improperly joined. Alphonse v. Omni Hotel Management Corp., 757 F.Supp. 722, 742 (E.D.La. 2/27/1991); Doe v. Armour Pharceutical Co., 837 F.Supp. 178, 186 n.19 (E.D.La. 9/21/1993).
    Even assuming that Burns' pending Rule 12(b)(6) has merit, if the Court finds that Bostay is not improperly joined complete diversity is still absent. In that event, this Court is without jurisdiction to consider Burns' motion to dismiss, which will be carried on remand to state court where the motion can be considered.
    Finally, Scottsdale's Notice of Removal alleged federal jurisdiction pursuant to 28 U.S.C. § 1369, but fails to argue the allegation in its opposition.  The Court considers the jurisdictional allegation to be abandoned.

determining improper joinder are similar.  Parker v. Lexington Insurance Co., 2006 WL 3328041, *1 (E.D. La. 11/5/06), *citing* Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003). The scope of inquiry into improper joinder is broader than the inquiry for Rule 12(b)(6) because the court's review is not limited to the pleadings.  Id.  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence."  Doe v. Cutter Biological, 774 F.Supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same

legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Scottsdale and Burns argue that Burns and Bostay are improperly joined because the allegations in Ebeling's Petition do not state a cause of action against either under Louisiana law.  In general terms, Ebeling's Petition alleges that she sought professional advise from Burns and Bostay regarding procuring the correct amount of insurance protection for the properties, and that they informed her that the policy sold to her would cover "all hurricane damages" and loss of business income from "hurricane related damages" (Petition, ¶¶ 5, 6, 7 & 33).  The pleading is factually sparse.

Burns provided an affidavit of Blaise Salvador D'Antoni, III, Assistant Branch Manager of Burns, declaring *inter alia* that

Burns does not communicate directly in any fashion with any insurance applicant, and a copy of Ebeling' Commercial Package Quotation and/or Application, addressed to Bostay, dated 2001, 2002, 2003, 2004 and 2005 in support of its opposition to the motion to remand and its motion to dismiss.  However, this evidence does not address the relationship between Ebeling and Bostay or the allegations against Bostay in Ebeling's Petition.

Resolving ambiguities and disputed allegations in favor of the nonremoving party, at a bare minimum the allegations state a claim against Bostay under Louisiana law.  *See, e.g.,* Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536-37 (E.D.La. 4/25/2006).  Moreover, from the allegations in the complaint and the evidence before it, the Court cannot determine whether Ebeling's claims against Bostay are perempted pursuant to La.R.S. 9:5606(A).  These factual disputes must be resolved in favor of remand.

Finally, Scottsdale and Burns argue that Burns and Bostay are improperly joined as defendants because the claims against them are distinct and separate from the claims against Scottsdale.  Rule 20(a) of the Federal Rules of Civil Procedure provides for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any

question of law or fact common to all defendants will arise in the action."

In this case, common questions of fact flowing from the same series of transactions or occurrences will arise in the contract claims against the insurer and the tort claims against the agent, as both relate to the procurement of the policy at issue, its particular terms and extent of coverage, and the facts surrounding the loss suffered by plaintiff.  Moreover, a plaintiff is entitled to plead for relief in the alternative. *See, e.g.,* Schwartz, 2006 WL 980673 *4 for a discussion of the Fifth Circuit's jurisprudence regarding Rule 20(a) "misjoinder"; Dobson *12; Botnick v. Vigilant Insurance Co., 2006 WL 2947912 *7 (E.D.La. 10/13/06); Harrington v. Lexington Insurance co., 2006 WL 2192853 *3 (E.D.La. 8/1/06); Southern Athletic Club, LLC, 2006 WL 2583406 *4 (E.D.La. 9/6/06).

Scottsdale and Burns have not met the heavy burden of proving that removal was proper.  This Court is without jurisdiction to consider Burns' motion to dismiss.

Ebeling's memorandum in support of her motion to remand claims that she is entitled to attorney's fees and costs for the prosecution of this motion under 28 U.S.C. §1447(c) because Scottsdale knew or should have known that at least one of the nondiverse defendants was not improperly joined.  The Court disagrees and declines to award attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that this Court's Order dated December 28, 2006, at record document #23, denying Linda Ebeling's motion to remand is hereby **RECALLED AND VACATED;** and,

**IT IS FURTHER ORDERED** that the motion to remand, record document #10, is **GRANTED,** and the captioned matter, C.A. 06-6878, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 24, 2007.

*[signature]*

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge